```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                     Civil No. 12-2066(DSD/SER)
```

Sandusky Wellness Center LLC,
a Ohio limited liability company,
individually and as the
representative of a class of
similarly-situated persons,

        Plaintiff,

v.                                                             **ORDER**

Medtox Scientific, Inc.,
Medtox Laboratories, Inc. and
John Does 1-10,

        Defendants.

      Garrett D. Blanchfield, Jr., Esq. and Reinhardt, Wendorf
      & Blanchfield, 332 Minnesota Street, Suite E-1250, St.
      Paul, MN 55101 and Brian Wanca, Esq., Ryan M. Kelly, Esq.
      and Anderson and Wanca, 3701 Algonquin Road, Suite 760,
      Rolling Meadows, IL 60008, counsel for plaintiff.

      Jeffrey R. Mulder, Esq. and Lewis A. Remele, Jr., Esq.
      and Bassford Remele, PA, 33 South Sixth Street, Suite
      3800, Minneapolis, MN 55402 and Geoffrey W. Castello,
      Esq., Robert I. Steiner, Esq. and Kelley, Drye & Warren
      LLP, 101 Park Avenue, New York, NY 10178, counsel for
      defendants.

      This matter is before the court upon the motion to dismiss by defendants Medtox Scientific, Inc. and Medtox Laboratories, Inc. (collectively, Medtox). Based on a review of the file, record and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

This dispute arises from an unsolicited facsimile sent to plaintiff Sandusky Wellness Center, LLC (Sandusky) by Medtox. On February 21, 2012, Medtox sent Sandusky a fax via a telephone facsimile machine. Compl. ¶ 11.[1] Sandusky asserts that the facsimile "constitutes material furnished in connection with [Medtox's] work or operations." Id. ¶ 13. Sandusky did not solicit or give permission for the facsimile. Id. ¶ 14. Sandusky alleges that Medtox sent the facsimile to at least thirty-nine other recipients. Id. ¶ 17.[2]

On August 23, 2012, Sandusky filed a class-action complaint, alleging a violation of the Telephone Consumer Protection Act (TCPA). One day later, Sandusky also filed a motion for class certification. On October 15, 2012, Medtox moved to dismiss the class-action complaint.

---

[1] Medtox argues that Sandusky has not alleged that the message was received by a facsimile machine. The complaint states that "defendants transmitted by telephone facsimile machine an unsolicited fax to plaintiff." Compl. ¶ 11. Construing this allegation in a light most favorable to Sandusky, the court finds the allegation sufficient to survive a motion to dismiss.

[2] The complaint contains two paragraphs with the number seventeen. This citation is to the first of those paragraphs.

**DISCUSSION**

**I.   Motion to Dismiss**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  See Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action are not sufficient to state a claim."  Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

Medtox seeks dismissal of the class allegations contained within the complaint.  Specifically, Medtox argues that "the class action allegations should be dismissed because as a matter of law, [Sandusky's] cause of action under the TCPA is not suitable for class treatment."  Def.'s Mem Supp. 5.  In support, Medtox argues that Congress requires TCPA violations to be brought as individual actions.  Moreover, Medtox argues that liability will have to be

determined on a case-by-case basis, with the court having to undertake mini-trials to determine whether each facsimile was unsolicited and if the message was sent to a facsimile machine or a computer.

As an initial matter, the court notes that nothing in the TCPA limits the statute's applicability to individual actions. Congress authorized a statutory penalty of $500.00 for each TCPA violation, but this fact does not preclude class certification. See 47 U.S.C. § 227(b)(3); see also Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 753 (2012) (acknowledging, in dicta, that numerous TCPA cases are filed as class actions). Although this individual recovery for $500.00 per violation may ultimately exceed the pro rata share available to each putative class member - thereby making class certification improper - such a determination can only be made after the benefit of discovery and briefing.

As to the issue of determining liability on a case-by-case basis, the court is unpersuaded that no set of circumstances could lead to class certification. For example, discovery could show that Medtox purchased a list of facsimile numbers from a third-party vendor and that no consent was present. Moreover, striking the class allegations at this stage in the proceedings would effectively preclude class certification in future TCPA actions. Other jurisdictions have declined to reach such a conclusion. See, e.g., Siding & Insulation Co. v. Beachwood Hair Clinic, Inc., 279

F.R.D. 442, 446 (N.D. Ohio 2012) (certifying class in TCPA action); Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc., No. 10-10620, 2010 WL 5439737, at *6 (E.D. Mich. Dec. 27, 2010) (same); Hinman v. M & M Rental Ctr., Inc., 545 F. Supp. 2d 802, 806-07 (N.D. Ill. 2008) (same). But see Local Baking Prods., Inc. v. Kosher Bagel Munch, Inc., 23 A.3d 469, 476 (N.J. Super. Ct. App. Div. 2011) (determining that class action "is not a superior means of adjudicating a TCPA suit"). Although the court is uncertain as to whether class certification will ultimately be proper, such a determination can only be made after discovery and briefing. Therefore, the motion to dismiss is denied.

**II. Motion for Class Certification**

One day after filing the class-action complaint, Sandusky filed a motion for class certification. In determining whether class certification is proper, the court must make "a limited preliminary inquiry, looking behind the pleadings." Blades v. Monsanto Co., 400 F.3d 562, 566 (8th Cir. 2005) (citation omitted). At this stage in the proceedings, no discovery has taken place, and it appears the motion for class certification was filed merely as a placeholder.[3] In other words, the motion is untimely, as it is

---

[3] The court presumes that the motion for class certification was filed out of fear that Medtox would attempt to moot the action with a Rule 68 offer. See Holstein v. City of Chi., 29 F.3d 1145, 1147 (7th Cir. 1994) (explaining that offer of full compensation made to individual plaintiff moots action if motion for class certification has not been filed). In the District of Minnesota,
(continued...)

entirely unclear whether a request for class certification will eventually be warranted. Therefore, the motion is denied without prejudice.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss [ECF No. 15] is denied; and

2. Plaintiff's motion to certify the class [ECF No. 3] is denied without prejudice.

Dated: March 12, 2013

                                                  s/David S. Doty
                                                  David S. Doty, Judge
                                                  United States District Court

---

[3](...continued) however, the question of mootness does not "turn on whether a Rule 68 offer is made before or after the putative class representative moves to certify the class," or even if a motion for class certification has been filed. See Harris v. Messerli & Kramer, P.A., No. 06-CV-4961, 2008 WL 508923, at *3 (D. Minn. Jan. 2, 2008); see also Janik v. Cavalry Portfolio Servs., LLC, No. 06-3104, 2007 WL 1994026, at *4 (D. Minn. July 3, 2007) (same).