**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

|  |  |  |
|---|---|---|
| SANDUSKY WELLNESS CENTER, LLC, an Ohio limited liability company, individually and as the representative of a class of similarly situated persons, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 12-cv-02066-DSD-SER |
| MEDTOX SCIENTIFIC, INC., MEDTOX LABORATORIES, INC. and JOHN DOES 1-10, | ) ) ) ) | Hon. David S. Doty Mag. Judge Steven E. Rau |
| Defendants. | ) ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**

Plaintiff, SANDUSKY WELLNESS CENTER, LLC ("Plaintiff"), by its undersigned attorneys, responds in opposition to Defendants' MEDTOX SCIENTIFIC, INC., and MEDTOX LABORATORIES, INC. ("Defendants") Motion To Dismiss ("Motion") (Docs. 34-37) and states as follows:

**INTRODUCTION AND BACKGROUND**

On May 9, 2013, Defendants filed their Motion to Dismiss based on mootness. (Docs. 34-37). Plaintiff filed a Motion to Strike the Motion to Dismiss (Doc. 44) asking for a stay on the briefing of the Motion to Dismiss pending resolution of the Motion to Strike. The Motion to Strike was denied. (Doc. 54). Plaintiff adopts its arguments from the Motion to Strike briefing and Plaintiff's Response in Opposition to Defendants' Motion For A Protective Order staying Discovery. (Doc. 46). In addition Plaintiff responds with the additional arguments below to the Motion to Dismiss.

## ARGUMENT

1. *Harris* and *Janik*

The reasoning of *Harris v. Messerli & Kramer, P.A.*, No. 06-CV-4961, 2008 WL 508923 (D. Minn. Jan. 2, 2008) and *Janik v. Cavalry Portfolio Servs., LLC*, No. 06-3104, 2007 WL 1994026 (D. Minn. July 3, 2007) are persuasive and on their own support denial of the Motion to Dismiss.

2. *Genesis* Does Not Apply to the Facts at Hand – Recent Decisions

*Genesis Healthcare Corp. v. Symczyk,* 133 S.Ct. 1523 (2013) does not apply to the facts at hand. First, the very issue presented here was decided post *Genesis* in *Chen v. Allstate, Ins. Co.,* No. C 13-0685, 2013 WL 2558012 (N.D. Cal. June 10, 2013). In *Chen* that court determined that the TCPA claim there was not mooted by an offer of judgment and that "the ruling in *Genesis,* which was limited to the collective action context, is not directly applicable to the class action context." (*Id.* at 11).

Additionally, in *Scott v. Westlake Services, LLC,* No. 12 C 9289, 2013 WL 2468253 (N.D. Ill. June 6, 2013) the court there determined that *Genesis* avoided the question at hand, the same question here. (*Id.* at 12). The *Scott* court went on to determine that the offer there did moot the TCPA claim, though the *Scott* court based that decision on the precedent set by *Holstein v. City of Chi.,* 29 F.3d 1145 (7th Cir. 1994) (*Id.*) which this Court has already distinguished. (Doc. 25).

Consequently, the only two reported cases following *Genesis* do not support the reading of Genesis that Defendants advance before this Court.

3. Defendants' Interpretation of *Genesis* and *Jones* Is In Error

Defendants state Plaintiff has "read too narrowly" "misreads" and "misinterprets" *Genesis Healthcare Corp. v. Symczyk,* 133 S.Ct. 1523 (2013); *Jones v. The CBE Group, Inc.*, 215

F.R.D. 558 (D. Minn. 2003); and Footnote 3 in the Order (Doc. 25).  (Doc. 48, pg. 6).   But the error in Defendants' interpretation of *Genesis* and *Jones* is reflected in the practical effect of that interpretation.

Taken to its logical conclusion, Defendants are advancing that this Court adopt a complete defense to Rule 23.  If Defendants' radical interpretation of *Genesis* and *Jones* is accurate, it would mean that every Rule 23 case, whether a motion for class certification was filed or not, could be mooted without limitation by an individual offer of judgment to each class plaintiff. This leaves open the possibility that in the District of Minnesota there could possibly never be another Rule 23 case ever again.  Yet that is what Defendants are asking this Court to approve – a judicial revocation of Rule 23.

The more restrained interpretation of *Genesis*, which was an FLSA collective action, is set forth in *Genesis* itself that is "Rule 23 actions are fundamentally different from collective actions under the FLSA."  133 S.Ct. at 1529.  This axiom prevents Defendants' *Genesis* interpretation from gaining any stability.  Moreover, *Jones* was decided *before* the cases cited in Footnote 3 were decided, and those cases specifically mention *Jones,* making Defendants' *Jones* interpretation unstable.

And Defendants' interpretation of Footnote 3 is likewise just as shaky.  Defendants want this Court to rule that Footnote 3 means that an offer of judgment at any time, before or after a motion for class certification, can moot a class claim.  In other words, a revocation of Rule 23. Instead, the more responsible interpretation of Footnote 3 is that in the District of Minnesota a plaintiff need not worry about maintaining a pending class certification motion to avoid a pickoff because in the District of Minnesota mootness doesn't turn on the continual pendency of a Rule

23 motion since the Complaint on file recites that the Plaintiff is a representative party seeking certification to advance claims on behalf of a putative class.

## CONCLUSION

Defendants' motion to dismiss is without good cause and serves no legitimate basis to stay discovery. Defendants' attempt at "mootness" asserts a defense which this Court has previously deemed invalid, and which cases in this District would not permit. The cases upon which Defendants' argument rests are distinguishable. Plaintiff filed a motion for class certification contemporaneous with the complaint and this Court recognized that need for that filing.

Plaintiff, SANDUSKY WELLNESS CENTER, LLC, requests this Court deny Defendants' MEDTOX SCIENTIFIC, INC., and MEDTOX LABORATORIES, INC. Motion to Dismiss and for such other relief as the Court deems necessary.

Respectfully submitted,

SANDUSKY WELLNESS CENTER, LLC,
individually and as the representative of a class of similarly-situated persons

By: s/Brian J. Wanca
Brian J. Wanca
Ryan M. Kelly
George K. Lang
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847-368-1500
Fax:  847-368-1501

REINHARDT, WENDORF and BLANCHFIELD
E-1250 First National Bank Building
St. Paul, MN  55101
Telephone:  651-287-2100
Fax:  651-287-2103
E-mail:  g.blanchfield@rwblawfirm.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 17, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                             s/Brian J. Wanca