```
           UNITED STATES DISTRICT COURT
              DISTRICT OF MINNESOTA
            Civil No. 12-2066(DSD/SER)
```

Sandusky Wellness Center LLC,
a Ohio limited liability company,
individually and as the
representative of a class of
similarly-situated persons,

       Plaintiff,

v.                                            **ORDER**

Medtox Scientific, Inc.,
Medtox Laboratories, Inc. and
John Does 1-10,

       Defendants.


       Garrett D. Blanchfield, Jr., Esq. and Reinhardt, Wendorf
       & Blanchfield, 332 Minnesota Street, Suite E-1250, St.
       Paul, MN 55101 and Brian Wanca, Esq., Ryan M. Kelly, Esq.
       and Anderson and Wanca, 3701 Algonquin Road, Suite 760,
       Rolling Meadows, IL 60008, counsel for plaintiff.

       Jeffrey R. Mulder, Esq. and Lewis A. Remele, Jr., Esq.
       and Bassford Remele, PA, 33 South Sixth Street, Suite
       3800, Minneapolis, MN 55402 and Geoffrey W. Castello,
       Esq., Robert I. Steiner, Esq. and Kelley, Drye & Warren
       LLP, 101 Park Avenue, New York, NY 10178, counsel for
       defendants.


     This matter is before the court upon the motion to dismiss by defendants Medtox Scientific, Inc. and Medtox Laboratories, Inc. (collectively, Medtox) and the motion for leave to file a response by plaintiff Sandusky Wellness Center, LLC (Sandusky). Based on a review of the file, record and proceedings herein, and for the following reasons, the motions are denied.

**BACKGROUND**

The background of this action is fully set out in the court's March 12, 2013, order, and the court recites only those facts necessary for the disposition of the instant motion. On August 23, 2012, Sandusky filed a putative class-action complaint, alleging a violation of the Telephone Consumer Protection Act (TCPA). On the following day, Sandusky filed a motion for class certification. On October 15, 2012, Medtox moved to dismiss. The court, on March 12, 2013, denied Medtox's motion to dismiss and denied Sandusky's motion for class certification without prejudice.

On May 8, 2013, Medtox made a Rule 68 offer of judgment to Sandusky in the amount of $3500. See Castello Decl. Ex. A, ECF No. 37. Medtox's offer of judgment did not, however, address or include class-wide relief. See id. On May 9, 2013, Medtox filed a second motion to dismiss, arguing that Sandusky had been offered complete relief on its individual claim, and that it no longer had a personal stake in the outcome of the litigation, thereby rendering the action moot.

Instead of filing an opposition memorandum, Sandusky filed a motion to strike Medtox's motion to dismiss. On June 13, 2013, Magistrate Judge Steven E. Rau denied the motion to strike. Thereafter, on June 17, 2013, Sandusky filed an untimely memorandum in opposition to the motion to dismiss. Two days later, on June 19, 2013, Sandusky also filed a motion for leave to file its

2

untimely responsive memorandum. The court held oral argument on June 21, 2013, where it denied the motion for leave to file an opposition memorandum and took the motion to dismiss under advisement.[1]

**DISCUSSION**

"Federal courts are courts of limited jurisdiction," and jurisdiction is lacking when an "actual, ongoing case or controversy" is no longer present. Neighborhood Transp. Network, Inc. v. Pena, 42 F.3d 1169, 1172 (8th Cir. 1994) (citation omitted). The plaintiff typically must demonstrate that jurisdiction is proper. See Osborn v. United States, 918 F.2d 724, 729-30 (8th Cir. 1990). Here, however, the "heavy burden of proving mootness" falls on the defendant as the party asserting that the case has become moot. Kennedy Bldg. Assocs. v. Viacom, Inc., 375 F.3d 731, 745 (8th Cir. 2004) (citation and internal quotation marks omitted). A case becomes moot when the plaintiff receives all relief requested in the complaint and no longer has a "personal stake in the outcome of the lawsuit." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citations and internal quotation marks omitted).

---

[1] The court did, however, allow Sandusky to argue and create an oral record at the June 21, 2013, hearing.

3

Under Rule 68, a defendant "may serve ... an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). "[A]s a general matter, a Rule 68 offer that provides complete relief to the plaintiff renders the plaintiff's claims moot, even if the plaintiff refuses the offer." Harris v. Messerli & Kramer, P.A., No. 06-CV-4961, 2008 WL 508923, at *2 (D. Minn. Jan. 2, 2008) (citations omitted); see Weiss v. Regal Collections, 385 F.3d 337, 342 (3d Cir. 2004); Rand v. Monsanto Co., 926 F.2d 596, 597-98 (7th Cir. 1991); Zimmerman v. Bell, 800 F.2d 386, 390 (4th Cir. 1986).

Here, Medtox argues that the action is moot because its offer of judgment exceeds the maximum individual recovery available to Sandusky.[2] In support, Medtox cites Genesis HealthCare Corp. v. Symczyk, 133 S. Ct. 1523 (2013), which held that a Rule 68 offer of judgment that satisfies the named plaintiff's claim can moot an action brought under the Fair Labor Standards Act (FLSA), if no other claimants have "opted in." Id. at 1529. Sandusky responds that Genesis is inapposite, as its applicability is limited to FLSA collective actions. The court agrees.

Although Genesis declined to "resolve the question of whether a Rule 68 offer that fully satisfies the plaintiff's claims [in the

---

[2] The court assumes, without deciding, that Medtox's $3500 settlement offer exceeds what Sandusky could recover in an individual action under the TCPA. See 47 U.S.C. § 227(b)(3)(B)(explaining that maximum recovery is greater of $500 for each violation or plaintiff's actual monetary damages).

4

Rule 23 context] is sufficient by itself to moot the action," id. at 1529 n.4, it noted several differences between collective and class actions. Specifically, the Court distinguished FLSA collective actions from class actions, explaining that in the former, "conditional certification does not produce a class with an independent legal status," whereas a "putative class acquires an independent legal status once it is certified under Rule 23." Id. at 1530 (citation and internal quotation marks omitted). In doing so, the Court ignored Rule 23 precedent, explaining that "these cases are inapposite ... because Rule 23 actions are fundamentally different from collective actions under the FLSA." Id. at 1529. In other words, Genesis is inapplicable to a Rule 23 action brought under the TCPA. See, e.g., Chen v. Allstate Ins. Co., No. C 13-0685, 2013 WL 2558012, at *7 (N.D. Cal. June 10, 2013) (finding that Genesis "is not directly applicable to the class action context"); Falls v. Silver Cross Hosp. & Med. Ctrs., No. 13 C 695, 2013 WL 2338154, at *1 (N.D. Ill. May 24, 2013) (same).

Having concluded that Genesis is inapposite, the court examines whether a Rule 68 offer that provides no class-wide relief but exceeds the named plaintiff's maximum individual recovery will moot the action. The Eighth Circuit provides that "[j]udgment should be entered against a putative class representative on a defendant's offer of payment only where class certification has been properly denied and the offer satisfies the representative's

5

entire demand for injuries and costs of the suit." Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1539 (8th Cir. 1996) (citations omitted). To moot the claim of a putative class representative, a Rule 68 offer must provide complete relief for both the individual and class claims. See, e.g., Harris, 2008 WL 508923, at *3 (holding that a Rule 68 offer which does not offer class-wide relief to a putative class representative does not moot the action); Jancik v. Cavalry Portfolio Servs., LLC, No. 06-3104, 2007 WL 1994026, at *4 (D. Minn. July 3, 2007) (same).

Here, Sandusky filed a putative class-action complaint, and Medtox's offer of judgement failed to provide class-wide relief. As a result, the offer does not provide complete relief, and does not moot the action. Therefore, dismissal is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED**:

1. Defendants' motion to dismiss [ECF No. 34] is denied; and
2. Plaintiff's motion for leave to file a response [ECF No. 56] is denied.

Dated: July 18, 2013

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court