UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-2066(DSD/HB)

Sandusky Wellness Center LLC,
a Ohio limited liability company,
individually and as the
representative of a class of
similarly-situated persons,

       Plaintiff,

v.                                          **ORDER**

Medtox Scientific, Inc.,
Medtox Laboratories, Inc. and
John Does 1-10,

       Defendants.

    Glen L. Hara, Esq. and Anderson & Wanca, 3701 Algonquin Road, Suite 760, Rolling Meadows, IL 60008; Brant D. Penney and Reinhardt, Wendorf & Blanchfield, 332 Minnesota Street, Suite E-1250, St. Paul, MN 55101, counsel for plaintiff.

    Robert I. Steiner, Esq. and Kelley, Drye & Warren LLP, 101 Park Avenue, New York, NY 10178 and Jeffrey R. Mulder, Esq. and Bassford Remele, PA, 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402  counsel for defendants.

This matter is before the court upon the cross motions for summary judgment by plaintiff Sandusky Wellness Center, LLC (Sandusky) and defendants Medtox Scientific, Inc., and Medtox Laboratories, Inc. (collectively, Medtox).  Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants Medtox's motion and denies Sandusky's motion.

**BACKGROUND**

This dispute under the Telephone Consumer Protection Act (TCPA) arises from an unsolicited facsimile advertisement sent to Sandusky by Medtox on February 21, 2012. The background of this action is fully set out in the court's previous order dated August 5, 2014, and the court recites only those facts necessary for disposition of the instant motion.

On February 21, 2012, Medtox sent a facsimile to Sandusky's fax number. See Lang Decl. Ex. 1. It is undisputed that the fax advertises lead testing services. Id. The fax did not have a cover sheet and did not identify its intended recipient. See id. The record shows, however, that Medtox intended to send the fax to Dr. Bruce Montgomery, a non-party who worked out of Sandusky's office, but was not a Sandusky employee. Montgomery Dep. 21:24-22:10. Dr. Montgomery used Sandusky's fax number for business purposes. Id. at 43:13-44:12. Sandusky's owner, Greg Winnestaffer, reviewed the fax, as was his practice, and forwarded it to his attorney because he believed that it constituted an unsolicited advertisement in violation of the TCPA. Winnestaffer Dep. 76:12-14, 78:8-80:10, 81:17-21, 127:5-11; 74:16-75:12, 128:11-129:2, 130:3-9.

On August 23, 2012, Sandusky filed a putative class action complaint, alleging a violation of the TCPA, 47 U.S.C. § 227(b)(1)(C). On May 8, 2013, Medtox made a settlement offer,

including payment by check, to Sandusky in the amount of $3,500. See Lang Decl. Ex. 7, ECF No. 205. The offer included a promise not to "send another facsimile to plaintiff in the future unless plaintiff specifically requests that Medtox do so." Id. Medtox's offer did not, however, address or include class-wide relief. See id. On May 9, 2013, Medtox filed a motion to dismiss, arguing that because it offered Sandusky complete relief on its individual claim, Sandusky no longer had a personal stake in the outcome of the litigation, thereby rendering the action moot. The court denied the motion, concluding that because the offer did not provide class-wide relief, the offer did not moot the action. ECF No. 59, at 6. Medtox then made an offer of judgment under Fed. R. Civ. P. 68 to Sandusky, this time including relief for the class as a whole. Lang Decl. Ex. 8.

On August 5, 2014, the court denied Sandusky's motion for class certification and granted Medtox's motion to limit the case to the February 21, 2012, facsimile.[1] Both parties now file motions for summary judgment.

---

[1] The Eighth Circuit denied Sandusky's petition under Rule 23(f) for permission to immediately appeal the denial of class certification. See ECF No. 193.

**DISCUSSION**

**I.   Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255.  The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial.  See Celotex, 477 U.S. at 324.  A party asserting that a genuine dispute exists — or cannot exist — about a material fact must cite "particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial.  Celotex, 477 U.S. at 322-23.

**II. Settlement Offer**

Medtox argues that the case should be dismissed as moot because, now that the court has denied class certification, the settlement offer provides complete relief to Sandusky. The court agrees.

"[F]ederal courts do not sit simply to bestow vindication in a vacuum." Zimmerman v. Bell, 800 F.2d 386, 390 (4th Cir. 1986). "Article III of the Constitution only allows federal courts to adjudicate actual, ongoing cases or controversies." Potter v. Norwest Mortg., Inc., 329 F.3d 608, 611 (8th Cir. 2003).

The case or controversy requirement ensures that "self-interested parties vigorously advocating opposing positions" present issues "in a concrete factual setting." Id. (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 403 (1980)). "When an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." Id.

"Judgment should be entered against a putative class representative on a defendant's offer of payment only where class certification has been properly denied and the offer satisfies the representative's entire demand for injuries and costs of the suit." Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1539 (8th Cir. 1996) (citations omitted); see also Harris v. Messerli & Kramer, P.A., No. 06-CV-4961, 2008 WL 508923, at *2 (D. Minn. Jan. 2, 2008)

5

("[A]s a general matter, a Rule 68 offer that provides complete relief to the plaintiff renders the plaintiff's claims moot, even if the plaintiff refuses the offer."); Zimmerman, 800 F.2d at 390 ("Since class certification has been denied, and defendant had offered [plaintiff] the full amount of damages ... to which she claimed individually to be entitled, there was no longer any case or controversy."). Sandusky does not contest this principle, but argues that Medtox's offer was insufficient to render its stake in the litigation moot. The court disagrees.

First, the offer provides complete monetary relief to Medtox. The $3,500 offer exceeds Sandusky's possible statutory recovery of $500 and the taxable costs it has incurred.[2] 47 U.S.C. § 227(b)(3)(B). Sandusky concedes that it is not entitled to recover attorney's fees under the TCPA.

Second, the offer provides the equitable relief sought by Sandusky, namely the promise to refrain from sending such faxes to Sandusky in the future. Sandusky argues that the promise is insufficient because it is not in the form of court-ordered injunctive relief. Sandusky is concerned that it would have no legal recourse should Medtox breach its promise. This concern is unfounded. If Medtox sends an unsolicited fax advertisement to

---

[2] Sandusky conceded at the hearing that it is not entitled to treble damages under 47 U.S.C. § 227(b)(3). Sandusky also represented that it has incurred taxable costs in the amount of $2,311.99. For purposes of its motion, Medtox does not dispute that amount.

6

Sandusky in the future, Sandusky may sue under the TPCA and may well be entitled to treble damages under such circumstances. The court nevertheless will include Medtox's promise to refrain from future solicitations in this order to ensure that Sandusky has meaningful legal recourse in the context of this case.

The offer provides complete relief to Sandusky. As a result, dismissal of Sandusky's claim is warranted as moot and the court need not, and indeed is without jurisdiction to, address the merits of Sandusky's motion.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion for summary judgment [ECF No. 195] is denied; and

2. Defendants' motion for summary judgment [ECF No. 199] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 27, 2015

                                            s/David S. Doty  
                                            David S. Doty, Judge  
                                            United States District Court