**EXHIBIT A**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into on the date of execution between SANDUSKY WELLNESS CENTER, LLC ("Plaintiff") on behalf of itself and a CERTIFIED class of similarly-situated persons (identified and defined below as the "Settlement Class"), MEDTOX SCIENTIFIC, INC. and MEDTOX LABORATORIES, INC. ("MEDTOX DEFENDANTS") (collectively "Defendants"), including their agents, representatives, employees, directors, officers, shareholders, attorneys, parents, subsidiaries and affiliates. Plaintiff, the Settlement Class and Defendants are collectively referred to as the "Parties."

**WHEREAS**, on behalf of itself and a putative class of similarly-situated persons, Plaintiff filed a civil action against Defendants that is pending in the United States District Court of the District of Minnesota, entitled *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc., Medtox Laboratories, Inc. and John Does 1-10,* Case No. 0:12-cv-02066-PJS-SER (the "Lawsuit"); and

**WHEREAS**, Plaintiff's Class Action Complaint alleges that Defendants violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227(b)(1)(C) and FCC regulations by sending advertisements by facsimile without prior express invitation or permission; and

**WHEREAS**, Defendants deny the allegations contained in the Complaint; and

**WHEREAS**, the Court certified the following class and appointed Plaintiff as the class representative:

"All persons who (1) between February 18, 2012, and February 26, 2012, (2)

were sent one or more of the 3,256 transmissions of the telephone facsimile message attached as Exhibit A to the Complaint (the "Fax"), which related to lead testing services by or on behalf of Medtox," and Glenn L. Hara of Anderson + Wanca was appointed Class Counsel; and

**WHEREAS**, the parties have participated in a full day mediation presided over by Magistrate Judge Hildy Bowbeer which ultimately resulted in a settlement of this matter; and

**WHEREAS**, without admitting or conceding fault or liability or the validity of Plaintiff's claims, point of law or point of fact, or that Plaintiff or any proposed Class Member is entitled to any relief because of Defendants' conduct, Defendants have agreed to settle all disputes regarding the Fax or any of Defendants' faxes to the Settlement Class, including but not limited to all claims of the Settlement Class that were made or could have been made in the Lawsuit; and

**WHEREAS**, without admitting or conceding fault or liability, Defendants have agreed to settle the claims against Defendants by making a total of $1,628,000.00 available to fund this settlement; and

**WHEREAS**, Class Counsel (identified below) have concluded that the terms and conditions of the Agreement provided herein are fair, reasonable, and adequate, and in the best interests of the Settlement Class as a means of resolving all disputes between and among the Parties; and

**WHEREAS**, the Certified Class includes approximately 3,256 persons to whom Defendants sent the Fax or faxes between February 18, 2012 and February 26, 2012;

and

WHEREAS, the Parties each acknowledge that they have not admitted liability to any other Party and enter into this Agreement solely to avoid the expense, uncertainty, and inconvenience of litigation; and

WHEREFORE, the Parties stipulate and agree that the claims of the Settlement Class should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions:

1.    <u>Recitals</u>. The above described recitals are incorporated herein and made a part hereof.

2.    <u>For Settlement Only</u>. This Agreement resolves all disputes between Defendants, and Plaintiff and the Settlement Class. Assertions, statements, and representations herein are for settlement purposes only. If this Agreement or a modified version thereof that is acceptable to all Parties is not finally approved by the Court, then the Parties expressly agree that this Agreement is null and void and may not be used by any party for any reason.

3.    <u>The Settlement Class</u>. The Settlement Class shall be as defined by the Court in its certification order of April 26, 2017, defined as follows: "All persons who (1) between February 18, 2012 and February 26, 2012, (2) were sent one or more of 3,256 transmissions of the telephone facsimile message attached as Exhibit A to the Complaint, which related to lead testing services by or on behalf of Medtox." Excluded from the Settlement Class are Defendants, including any of their parents, subsidiaries, affiliates or controlled persons, as well as their officers, directors,

agents, servants, and employees, and the immediate family members of such persons, the Court and members of the judiciary, and the following entity that previously opted out: Northeast Ohio Medical University, 4209 St. Rt. 44, Rootstown, Ohio 44272, Fax No. (330) 325-5926.

     4.   <u>Representation of the Class</u>. Plaintiff has been appointed as the "Class Representative" and attorney Glenn L. Hara of Anderson + Wanca has been appointed as "Class Counsel."

     5.   <u>Preliminary Approval</u>. The Parties will jointly move the Court for the entry of an order preliminarily approving this settlement. A proposed "Order Preliminarily Approving Class Action Settlement" (the "Preliminary Approval Order") is attached as Exhibit 1. If the Court does not enter the Preliminary Approval Order substantially in the form of Exhibit 1 or a modified version thereof which is acceptable to all Parties, then this Agreement shall be null and void.

     6.   <u>CAFA Notices</u>. Within ten (10) days after this Settlement Agreement is filed with the Court, Defendants' counsel will cause notice of the settlement required by the Class Action Fairness Act, 28 U.S.C. 1717(b), to be issued to the Attorney General for the United States, as well as the Attorney Generals for all States where class members reside.

     7.   <u>The Settlement Fund</u>. Defendants agree to make available a common fund of $1,628,000.00 (the "Settlement Fund") to (i) pay valid class member claims, (ii) pay an incentive payment to the Class Representative, and (iii) pay to Class Counsel, as approved by the Court, attorney's fees, reasonable litigation expenses,

and costs of class administration not to exceed $24,500.00. Defendants need not segregate funds or otherwise create special accounts to hold the Settlement Fund, and will not relinquish control of any money until valid claims are presented by the Claims Administrator and payments are due. Except for the agreed payments (approved claims of class members, to Class Counsel, or to the Class Representative), Defendants will keep all unclaimed funds. Defendants shall not be responsible for any payments or obligations other than those specified in this Agreement.

8.    Notice. The Parties will request that the Court approve a "Notice of Class Action and Proposed Settlement with Attached Claim Form" in the form attached hereto as Exhibit 2 (the "Notice"), and request approval to send notice to the Settlement Class by facsimile, and for any facsimile transmission that is unsuccessful after three attempts then by regular U.S. mail to the name and mailing address associated with the particular fax number as identified in Defendants' records. After preliminary approval of the settlement, the Claims Administrator will cause the Notice to be sent to the 3,256 fax numbers of the Settlement Class identified in the transmission records produced by Defendants in discovery. The Notice and Claim Form shall be sent within fourteen (14) calendar days of the entry of the preliminary approval order.  The Notice and Claim Form will also be available at a website maintained by the Claims Administrator.

9.    Claim Forms. Settlement Class members must submit fully completed, valid and executed claim forms to the Settlement Administrator to receive payments from the Settlement Fund. Claim Forms will be due within sixty (60) days after the

Notice is sent to the Settlement Class (the "Claims Due Date"). Approved claims will be paid at $500.00 or a lesser *pro rata* amount if the product of the amount of faxes claimed multiplied by $500.00 exceeds the sum of the Settlement Fund minus payments made for attorney's fees and costs, as approved by the Court, and the payment made to the Class Representative. Any member of the Settlement Class who does not submit a Claim Form by the Claims Due Date, as shown by postmark or other identifiable and objectively verifiable date of transmission, shall receive no monetary payment from the Settlement Fund or otherwise.

10.   <u>Incentive Award, Attorney's Fees, and Out of Pocket Expenses</u>. Subject to the Court's approval, Defendants will (i) pay Plaintiff $15,000.00 from the Settlement Fund for representing the Settlement Class as the Class Representative, and (ii) will not challenge any fee application made by Class Counsel in an amount equal to one-third of the Settlement Fund before any other deduction, plus reasonable out-of-pocket expenses, including costs of the third-party claims administrator, up to $24,500.00, all payable from the Settlement Fund.  The attorneys' fees, incentive award, and out-of-pocket expenses not to exceed $24,500.00 (inclusive of the costs of the third party claims administrator,) shall be paid only after Court approval, on or before fourteen (14) days after entry of the Final Approval Order, or if any Settlement Class member objected to the settlement, the date on which the date for filing an appeal has expired or, if there are appeals, the date on which the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer

6

subject to further appeal or review. The awards will be set forth in the Final Approval Order and paid exclusively from the Settlement Fund as provided herein. Payment of the incentive award, and expenses shall be made by wire transfer to the Claims Administrator per instructions to be provided to Defendants.

11.    Final Approval. The Parties will request the Court hold a final approval hearing to consider the fairness, reasonableness, and adequacy of this Agreement, which hearing will occur after the close of the period for submission of claim forms by the class members. After, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, Plaintiff and Plaintiff's counsel shall request that the Court enter an order finally approving the settlement and all its terms in the form attached hereto as Exhibit 3 (the "Final Approval Order"). The fact that the Court may require non-substantive changes in the Final Approval Order will not invalidate this Agreement or the settlement. If the Court does not enter a final approval order substantially in the form of Exhibit 3 or a modified version thereof which is acceptable to all Parties, which becomes a final and non-appealable order, then this Agreement shall be null and void.

12.    Effective Date. This Agreement shall be effective ("the Effective Date") upon its execution by the parties but shall be deemed null and void if (a) the Court does not enter the Final Approval Order, substantially in the form of Exhibit 3 to this Agreement, or in a form agreed to by the Parties, dismissing with prejudice the claims of all Settlement Class members (including Plaintiff) who do not properly exclude themselves as provided in this Agreement and the Notice or (b) any Settlement Class

member appeals entry of the Final Approval Order, and that appeal results in reversal of the entry of the Final Approval Order.

13.    Claims Administrator. Class-Settlement.com shall be the Claims Administrator and will issue the class notice, maintain the settlement website, assist class members in completing and submitting forms, receive the claim forms, and provide a list of approved and rejected claims to counsel for the parties. The Claims Administrator will provide copies of all approved claim forms to counsel for the parties upon request.   The decision of the Claims Administrator regarding the approval of claims shall be final and binding.

14.    Claims Processing and Payment. Within fourteen (14) days after final approval by the Court, or if any Settlement Class member objected to the settlement, the date on which the date for filing an appeal has expired or, if there are appeals, the date on which the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review, Defendants shall deliver funds to the Claims Administrator to pay only those claims which have been approved and the total amount of which has been determined.  Checks issued to the Settlement Class members will be void ninety (90) days after issuance and shall state that fact on their face.  Any Settlement Class member who does not negotiate the settlement payment check issued to the Settlement Class member within ninety (90) days of the date of the settlement check, shall forfeit and waive any right for compensation under the settlement.  Within thirty (30) days after expiration of the

8

ninety (90) day period, all unclaimed money in the Settlement Fund shall revert forever to Defendants.

15.   Releases. Upon the Effective Date, all Settlement Class members, their respective agents, employees, representatives, trustees, officers, directors, shareholders, divisions, parent entities or companies, subsidiary companies, affiliates, heirs, assigns, and successors in interest, whether specifically named herein or not and who are not validly excluded from the Settlement Class as determined by the Court (the "Releasors"), for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, release and forever discharge Defendants, wholly or majority-owned, or minority-owned subsidiaries, parent companies, affiliated and related entities or companies, subsidiary companies, predecessors, successors and assigns, and any of its present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, (the "Releasees") from liability for any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, which Plaintiff and the Settlement Class members have, had or may have against the Releasees, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, or which have been, could have been, or in the future might be asserted against Releasees, that arise out of or relate to the Fax sent by or on behalf of Defendants between February 18, 2012 and February 26, 2012 (the "Released Claims"). If any of the Releasors resides in California or are otherwise subject to California law, then

such Releasors hereby waive all rights under Section 1542 of the Civil Code of California, which provides that "[a] general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which is known by him must have materially affected his settlement with the debtor." The Settlement Class will not release claims regarding any other advertising faxes.

16.   <u>Class Enjoined</u>. On the Effective Date, all members of this Agreement and of the Settlement Class who did not exclude themselves as required by the Notice (and any person or entity claiming by or through him, her, or it, as heir, administrator, devisee, predecessor, successor, attorney, representative of any kind, shareholder, partner, director or owner of any kind, affiliate, subrogee, assignee, or insurer) will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendants regarding the Released Claims; and all persons and entities shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Defendants (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class members who have not timely excluded themselves from the Settlement Class if such other lawsuit is based on or

10

arises from the Released Claims.

17.   <u>Cooperation</u>. Plaintiff and Defendants agree to cooperate fully to effect the consummation of this Agreement and to achieve the settlement provided for herein.

18.   <u>Agreement Contingent Upon Entry of Final Approval Order</u>. This Agreement is contingent upon the Court's entry of an order substantially in the form of Exhibit 3 or in some other form which is acceptable to all the Parties, containing a judgment giving final approval to the terms of this Agreement, which becomes a final and non-appealable order. If the Court refuses to grant final approval of the terms of the settlement set forth herein, or if the Court's Final Approval Order is reversed or substantially modified on appeal in a manner which is not acceptable to all Parties, then this Agreement shall be null and void and no stipulation, representation, or assertion of fact made in this Agreement may be used against any Party. No Party to this Agreement, absent any substantive change by the Court, shall appeal the approval of this Settlement Agreement by the Court.

19.   <u>Objections</u>. Any requests for exclusion, objections to the Agreement or settlement must be
submitted in writing to the Court and a copy sent to both Class Counsel and Counsel for Defendants.   Any Settlement Class Member who does not make his or her objection in the manner and timeframe provided in the Notice shall be deemed to have waived any objection to the settlement as set forth in this Agreement.

20.   Notices. All Notices, including requests for exclusion and objections to

the Agreement or settlement, shall be sent to:

Counsel for Plaintiff and the Settlement Class:

Glenn L. Hara
Anderson + Wanca
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008

Counsel for Defendants:

Geoffrey W. Castello
Kelley Drye & Warren LLP
One Jefferson Road
Parsippany, NJ 07054

21. <u>Court Submission</u>. Class Counsel and Defendants' counsel will submit this Agreement and the exhibits hereto, along with such other supporting papers as may be appropriate, to the Court for preliminary approval. If the Court declines to grant preliminary approval to the settlement and to order notice of hearing for final approval with respect to the proposed Settlement Class, or if the Court declines to grant final approval to the foregoing after such notice and hearing, this Agreement will terminate as soon as the Court enters an order unconditionally and finally adjudicating that this Agreement and settlement will not be approved.

22. <u>Integration Clause</u>. This Agreement contains the full, complete, and integrated statement of each term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose. This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by adequate consideration as

confirmed in writing.

23.  <u>Headings</u>. Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

24.  <u>Binding and Benefiting Others</u>. This Agreement shall be binding upon and inure to the benefit of the Parties, and to their respective agents, employees, representatives, trustees, officers, directors, shareholders, divisions, subsidiaries, affiliates, assigns, and successors in interest.

25.  <u>Warranties</u>. The Parties each further represent, warrant, and agree that, by executing this Agreement, they do so with full knowledge of all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts. Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party(ies) for which he or she is signing.

26.  <u>Governing Law</u>. The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Minnesota, without regard to its conflict of laws or choice of laws provisions.

27.  <u>Mutual Interpretation</u>. The Parties agree and stipulate that the settlement was negotiated on an "arm's-length" basis between parties of equal bargaining power.  This Agreement is not one of adhesion, is mutually created, and

no ambiguity shall be construed in favor of or against any of the Parties. The Settlement Class acknowledges, but does not concede to or agree with, statements by Defendants regarding the merits of the claims or class certification and Defendants acknowledge, but do not concede to or agree with, the Settlement Class's statements regarding the merits of the claims or class certification.

28.   Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Signatures transmitted by facsimile or e-mail, or in electronic form are acceptable for the execution of this Agreement and shall be treated as if original signatures.

29.   Severability. If any provision of this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to be filed with the Court within twenty (20) days to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Agreement. In the event a provision of this Agreement is found invalid, illegal or unenforceable and that the Parties and their counsel elect not to be bound by this Agreement as a result, they shall provide written notice as set forth in this paragraph and in which case this Agreement will be deemed null and void, and any payments made by Defendants to Plaintiff or Plaintiff's counsel shall be returned within five (5) days of providing such written notice.

30.   Continuing Jurisdiction. Without affecting the finality of the final

judgment, the parties will ask the Court to retain continuing jurisdiction over the Lawsuit and the Parties, including all members of the Settlement Class, the administration and enforcement of this Agreement and the settlement, and the benefits to the Settlement Class hereunder, regarding the implementation, enforcement, construction, and interpretation of this Agreement, the order preliminarily approving the settlement, and the Final Approval Order and final judgment. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of the Agreement shall be presented by motion to the Court.

*Remainder of page intentionally left blank.*

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date set forth underneath their respective signatures.

MEDTOX SCIENTIFIC, INC.

By: _____

Its: _____

Date: _____

MEDTOX LABORATORIES, INC.

By: _____

Its: _____

Date: _____

KELLEY DRYE & WARREN LLP

By: _____

Its: _____

Dated: _____

*Counsel for Defendants*

SANDUSKY WELLNESS CENTER, LLC.

By: _____

Its: *President*

Date: *12/3/18*

ANDERSON + WANCA

By: *Brian Wanca*

Its: *President*

Date: *12/10/18*

*Counsel for Plaintiff*

16

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date set forth underneath their respective signatures.

MEDTOX SCIENTIFIC, INC.

By: *Sandra D. van der Vaart*

Its: Assistant Secretary

Date: 1-21-2019

MEDTOX LABORATORIES, INC.

By: *Sandra D. van der Vaart*

Its: Assistant Secretary

Date: 1-21-2019

KELLEY DRYE & WARREN LLP

By: _____

Its: A member of the firm

Dated: 1/02/2019

*Counsel for Defendants*

SANDUSKY WELLNESS CENTER, LLC.

By: _____

Its: _____

Date: _____

ANDERSON + WANCA

By: _____

Its: _____

Date: _____

*Counsel for Plaintiff*

16


Appv'd As To Form
LEGAL DEPT
By: MM

**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

|  |  |  |
|---|---|---|
| SANDUSKY WELLNESS CENTER, LLC, an Ohio limited liability company, individually and as the representative of a class of similarly situated persons, | ) ) ) ) ) | |
| | ) | No. 0:12-CV-02066-PJS-HB |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| MEDTOX SCIENTIFIC, INC., MEDTOX LABORATORIES, INC. and JOHN DOES 1-10, | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT, CLASS NOTICE AND CLAIM FORM**

This matter coming before the Court by stipulation of the parties and, after review and consideration of the Settlement Agreement, a hearing held on _____, 2018, and the presentations of counsel, and the Court being duly advised in the premises, IT IS HEREBY ORDERED:

1.    On _____, 2018, Plaintiff filed an Agreed Motion for Preliminary Approval of Class Action Settlement Agreement and Notice to the Class.

2.    The Court has previously certified the following Class pursuant to Federal Rule of Civil procedure 23:  All persons who (1) between February 18, 2012, and February 26, 2012, (2) were sent one or more of the 3,256 transmissions of the telephone facsimile message attached as Exhibit A to the Complaint, which related to lead testing services by or on behalf of MedTox." Excluded from the Class are:   (1) Any parent, subsidiary, affiliate, or controlled person of Defendants, as well as their attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons; (2) the named counsel in this action and any employee

of their office or firm; and (3) this Court and its staff.

3.      In certifying the class, the Court found: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are common questions of fact or law that predominate over any questions affecting only individual members; (3) the representative party will fairly and adequately protect the interests of the class; and (4) a class action is an appropriate method for the fair and efficient adjudication of the controversy.

4.      The Court appointed plaintiff, Sandusky Wellness Center, LLC ("Sandusky"), as the "Class Representative" and appointed attorney Glenn L. Hara of Anderson + Wanca as "Class Counsel."

5.      Pursuant to Rule 23, the Court preliminarily approves the settlement of this action, as embodied in the terms of the Settlement Agreement, as fair, reasonable, and in the best interests of all those who will be affected by it.

6.      The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily approved and adopted as an Order of this Court.

7.      The Settlement Agreement proposes notice to the Class in the form of Exhibit 2 to the Settlement Agreement and proposes to send the notice by facsimile and, for any facsimiles that are unsuccessful after three attempts, by U.S. mail to the name and mailing address the Settlement Administrator identified through a reverse lookup process regarding the fax numbers identified in the litigation, after updating those addresses with the U.S.P.S.  National Change of Address Database.  The Court finds that this notice plan is reasonable and satisfies Rule 23 and the requirements of due process under the United States Constitution.  The plan is approved and adopted.

8.      The Court sets deadlines and dates for the acts and events set forth in the Settlement

Agreement and directs the Parties to incorporate these deadlines and dates in the Class Notice, as appropriate:

(a)     The Class Notice shall be sent on or before  <u>  &lt;14 days&gt;  </u>  after the entry of this Order;

(b)     Any objection to the settlement or motion to intervene in this action, including any supporting brief, must be filed in this Court and postmarked and served on Class Counsel and Defendants' counsel on or before  <u>  &lt;45 days&gt;   </u>, or be forever barred;

(c)     Claims shall be submitted to the Claims Administrator on or before  <u>  &lt;60 days&gt;  </u> after the Class Notice, or be forever barred; and

(d)     The fairness hearing is hereby scheduled for  <u>             </u>, at <u>        </u>, in Courtroom<u>      </u>.


Dated:  <u>            </u>

                                    <u>                                </u>
                                    Hon. Patrick J. Schiltz, U.S.D.J.

**EXHIBIT 2**

**THIS IS A NOTICE OF A LAWSUIT SETTLEMENT**
**You may benefit from this. Please read it carefully.**
**You must timely complete and submit a Proof of Claim (attached) to receive a settlement check.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| SANDUSKY WELLNESS CENTER, LLC, an Ohio limited liability company, individually and as the representative of a certified class of similarly situated persons,   )<br>)<br>)<br>) | |
|   ) | Civil Action No.: 12-cv-02066-PJS-HB |
| Plaintiff,   ) | |
|   ) | **CLASS ACTION** |
| v.   ) | |
|   ) | |
| MEDTOX SCIENTIFIC, INC., MEDTOX LABORATORIES, INC. and JOHN DOES 1-10,   )<br>)<br>) | |
| Defendants.   ) | |
|   ) | |

**NOTICE OF CLASS ACTION SETTLEMENT WITH ATTACHED CLAIM FORM**

**TO:**     All persons who (1) between February 18, 2012, and February 26, 2012, (2) were sent one or more of the 3,256 transmissions of the telephone facsimile message attached as Exhibit A, which related to lead testing services by or on behalf of MedTox.

**A.**     <u>**WHY HAVE YOU RECEIVED THIS NOTICE?**</u> The Court ordered us to send you this Notice because your fax number is contained on a list of fax numbers to which advertisements were sent by fax and you appear to be a member of the Settlement Class defined above.  You were previously sent a notice on November 13, 2017 that this Court certified the Class as described above.  This notice describes the settlement.

**B.**     <u>**WHAT IS THIS LAWSUIT ABOUT?**</u> Plaintiff Sandusky Wellness Center, LLC. ("Sandusky") filed this class action lawsuit against Medtox Scientific, Inc., and Medtox Laboratories, Inc. ("Defendants") alleging that they violated the federal Telephone Consumer Protection Act ("TCPA").  Defendants denied Plaintiff's allegations and raised defenses. The parties have agreed to settle all claims about the advertising faxes Defendants sent between February 18, 2012 and February 26, 2012.

**C.**     <u>**WHAT IS THE PROPOSED SETTLEMENT?**</u> Without admitting any fault or liability, and in exchange for a release of all claims against it, if the Settlement is finally approved by the Court, Defendants have agreed to make up to $1,628,000.00 (the "Settlement Fund) available to pay those class members who submit a valid claim form, to pay an incentive award to Plaintiff for serving as the class representative, and to pay to Plaintiff's attorneys attorney's fees and also to pay expenses not to exceed $24,500.00. If the Court approves the settlement, all of the Class members who submit a valid and timely Proof of Claim Form (which is attached to this notice) will be mailed a check for their pro rata share of the Settlement Fund less attorney's fees, expenses, and incentive payment, of $500.00, per fax as reflected in the records obtained.  In the event the Settlement Fund is exhausted, this amount is subject to reduction. The Court has preliminarily approved this settlement,

subject to a fairness hearing that will occur on _____, 2019, at _____ a.m./p.m., in Room _____, United States District Court for the District of Minnesota, US Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.

**D.    WHAT ARE YOUR OPTIONS?**

1.    **Return a completed Claim Form:**  To receive a share of the settlement funds, you must complete, sign, and return a signed Claim Form attached to this Notice postmarked on or before ___<60 days>___, 2019.  If your Claim Form is timely and valid, you will be mailed a check for your share of the proceeds.

2.    **Do nothing:**  If you do nothing, you will remain in the Class. You will be bound by the judgment against Defendants and you will release your claims against Defendants regarding Defendants' advertising faxes sent between February 18, 2012 and February 26, 2012, but you will receive nothing.

3.    **Opt out of the settlement:** You are not required to participate in the settlement. You have the right to exclude yourself from the Class and the settlement by sending a written request for exclusion. But your completed, signed statement advising the Court of your election to opt out must be postmarked no later than <45 days>, 2019. If your request is not postmarked by that date, your right to opt out will be deemed waived and you will be bound by all orders, releases and judgments entered in connection with the settlement. Your request must provide your full name, address, and telephone number(s). Further, the written request for exclusion must include a statement that you wish to be excluded from the settlement (for example, "Exclude me from the Sandusky v. Medtox settlement"), and the personal signature of the member of the Settlement Class submitting the request.  Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by the Final Approval Order and Judgment; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement. You must send your request to the following attorneys, and they will inform the Court of your request.

| Class Counsel: | Defendants' Attorney: |
|---|---|
| Glen L. Hara | Geoffrey W. Castello |
| Anderson + Wanca | Kelley Drye & Warren LLP |
| 3701 Algonquin Road, Suite 500 | One Jefferson Road |
| Rolling Meadows, IL  60008 | Parsippany, NJ 07054 |

4.    **Object to the settlement:** If you object to the settlement, and wish to file an objection rather than simply exclude yourself, you must send a written objection to the Clerk of the United States District Court for the District of Minnesota, US Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. Your objection must be postmarked by ___<45 days>___, 2019, and must refer to the name and number of this case. Your statement must: (i) state your full name, address, telephone number or numbers that you maintain were called; (ii) state all grounds in detail for the objection, with factual and legal support for each stated ground; (iii) state the identity of any witnesses you may call to testify at the Final Approval Hearing; (iv) include copies of any exhibits that you intend to introduce into evidence at the Final Approval Hearing; (v) identity (including name, address,

phone number and email) any lawyer who was consulted or assisted with respect to your objection; and (vi) a statement as to whether you intend to appear at the Final Approval Hearing with or without counsel.  You must also serve copies of your objection on Class Counsel and Defendants' attorneys (at the addresses above), postmarked by the same date. Additionally, if you want the Court to consider your objection, then you must also appear at the final approval hearing in Room ____, on _____, 2019, at _____ a.m./p.m. You are not required to attend this hearing unless you object to the settlement.

**E.**   **WHEN WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?** The Court will hold a final fairness hearing on _____, 2019, at ___ a.m./p.m., in Room ____ United States District Court for the District of Minnesota, US Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, and hear any timely and properly-filed objections and arguments about the settlement. You are **not** required to attend this hearing unless you object to the settlement. The fairness hearing may be continued to a future date without further notice.

**F.**   **WHO REPRESENTS THE CLASS?**   Sandusky Wellness Center, LLC is the Class Representative. Its attorneys are Class Counsel. He is:

> Glenn L. Hara
> Anderson + Wanca
> 3701 Algonquin Rd, Ste. 500
> Rolling Meadows, IL 60008

As part of the settlement, Defendants have agreed to pay Plaintiff an incentive award of $15,000.00 for its service on behalf of the Class in this litigation. Defendants have also agreed not to object to any fee application made by Class Counsel of up to 33 1/3% of the Settlement Fund, plus reasonable out-of-pocket expenses incurred in the litigation, not to exceed $24,500.00, including the cost of settlement administration, to be paid from the Settlement Fund.

**G.**   **WHERE CAN YOU GET MORE INFORMATION?** If you have questions about this Notice or about the settlement, write to attorney Glenn L. Hara at the address listed above. Include the case number, your name, your fax number, and your current street address on any correspondence. Alternatively, you can call Mr. Hara's office at 1-855-827-2329. This Notice only summarizes the litigation and the settlement. The court files for this case are available for your inspection at the Clerk of the United States District Court for the District of Minnesota, US Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

<div align="center">

**BY ORDER OF THE COURT**
**HONORABLE PATRICK J. SCHILTZ, U.S.D.J.**

**Do not contact the Clerk of the Court, the Judge, or the Judge's staff because they cannot answer your questions or give you advice about this settlement.**

</div>

## PROOF OF CLAIM
## Sandusky Wellness Center, LLC v. Medtox Scientific, Inc. and MedTox Laboratories, Inc.
## Case No. 12-cv-02066-PJS-HB

*You Must Complete All **THREE** Steps to Claim a Share of the Settlement Fund*:

**1.**   **You Must Provide Your Contact Information.**

Name: _____

Company: _____

Address: _____

City/State/Zip Code: _____

Telephone No. _____   Email: _____

Fax Number(s): _____
[List All Numbers. You may attach a separate sheet.]

**2.**   **You Must Verify Ownership of the Fax Number(s) Listed in #1 above:**

(a)   "The fax number(s) identified above or attached to the Proof of Claim was/were mine or my company's between February 18, 2012 and February 26, 2012."

_____
(Sign your name here)

***OR***

(b)   "The fax number(s) identified in No. 1 above or attached to this Proof of Claim was **not**/were **not** mine or my company's between February 18, 2012 and February 26, 2012." Explain when you obtained the fax number(s) identified in No. 1 above or attached to this Proof of Claim:
_____
_____
_____
_____
(Sign your name here)

**3.**   **You Must Return this Claim Form by     [60 days]     , 2019:**

(a)   Fax this Claim Form to:  <fax number for claims>

   ***OR***

(b)   Mail this Claim Form to:  [CLAIMS ADMINISTRATOR]

   ***OR***

(c)   Submit this claim form electronically at [website]

**EXHIBIT 3**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| SANDUSKY WELLNESS CENTER, LLC, | ) | |
| an Ohio limited liability company, | ) | |
| individually and as the representative of a | ) | |
| class of similarly situated persons, | ) | |
| | ) | |
| Plaintiff, | ) | No.  0:12-CV-02066-PJS-HB |
| | ) | |
| v. | ) | |
| | ) | |
| MEDTOX SCIENTIFIC, INC., MEDTOX | ) | |
| LABORATORIES, INC. and JOHN DOES 1- | ) | |
| 10, | ) | |
| | ) | |
| Defendants. | ) | |

**FINAL APPROVAL ORDER AND JUDGMENT**

The parties' proposed class action settlement coming before the Court for a fairness hearing

on _____, 2019, at _____ a.m./p.m., in Room ___, United States District Court for the District

of Minnesota,  300 South Fourth Street, Minneapolis, MN 55415, at which all persons were given

an opportunity to be heard, the Court considering the submissions of the parties, including

Plaintiff's Motion for Final Approval of Class Action Settlement, the statements of counsel, and

the fairness of the settlement's terms;

**IT IS HEREBY ORDERED THAT:**

1.      This Court grants final approval of the Settlement Agreement, including, but not

limited to, the releases therein, and finds that the settlement is in all respects fair, reasonable, and

adequate, and in the best interests of all those affected by it. Any timely objections that were filed

have been considered and are overruled. Accordingly, this Final Judgment and Order binds all

members of the Class who did not opt out.

2.      This Court has jurisdiction over Plaintiff, Sandusky Wellness Center, LLC ("Plaintiff"), the members of the Class, Defendants, Medtox Scientific, Inc. and Medtox Laboratories, Inc. ("Defendants"), and the claims asserted in this lawsuit.

3.      This Court finds that the parties entered into the Settlement Agreement in good faith, following arm's-length negotiations, and that it was not collusive.

## Class Certification

4.      On _____, 2018, pursuant to Federal Rule of Civil Procedure 23, the Court entered an order entitled, "Order Preliminarily Approving Settlement and Certifying Settlement Class" (the "Preliminary Approval Order").

5.      The Court previously certified the following class (Doc. 253):

> All persons who (1) between February 18, 2012, and February 26, 2012, (2) were sent one or more of the 3,256 transmissions of the telephone facsimile message attached as Exhibit A to the Complaint, which related to lead testing services by or on behalf of MedTox.

In the Settlement Agreement, the parties agreed that this is a proper class definition for purposes of settlement.  Excluded from the Settlement Class are (1)  Any parent, subsidiary, affiliate, or controlled person of Defendants, as well as their attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons; (2) the named counsel in this action and any employee of their office or firm; and (3) this Court and its staff.

The Court also previously appointed Plaintiff as the Class Representative and appointed attorney Glenn L. Hara of Anderson + Wanca as Class Counsel.

## Class Notice

6.      Plaintiff submitted the affidavit of _____ to demonstrate that the "Notice of Class Action and Proposed Settlement" (the "Notice") was sent to the members of the Class as ordered in the Preliminary Approval Order. The Court finds that the Notice and the process by

which it was sent fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

## Objections and Opt-Outs

7.     The following _____ members of the Class filed objections to the settlement: __. The Court has considered each of these objections carefully and has overruled them. None of these objections raised a valid concern regarding the fairness, reasonableness, and adequacy of the Settlement Agreement.

8.     The following persons have requested exclusion and are hereby excluded from the Class and this case: _____.

## Class Compensation

9.     Defendants have created a settlement fund of up to $1,628,000.00 (the "Settlement Fund") and made it available to pay class member claims, to pay an incentive award to Plaintiff for serving as the Class Representative, and to pay Class Counsel's attorneys' fees and reasonable out-of-pocket expenses as determined by the Court.  In no event shall Defendants' monetary obligation in settling and resolving this Action exceed the amount of the Settlement Fund.

10.     As the Parties agreed in the Settlement Agreement, each member of the Class who submits a timely and valid Claim Form to the Settlement Administrator will be paid $500.00 per fax or a lesser pro rata amount if the product of the amount of faxes claimed multiplied by $500.00 exceeds the sum of the Settlement Fund minus payments made for attorney's fees and costs, as set forth herein, and the payment made to the Class Representative.  The Settlement Administrator will cause those checks to be mailed after receiving the funds from Defendants. As agreed between the parties, checks issued to the class members will be void 91 days after issuance.  Any money

remaining from checks issued to claiming class members but not cashed within 90 days of issuance shall be paid as a *cy pres* award to charities selected by Plaintiff's counsel and approved by the Court. All unclaimed money in the Settlement Fund shall be retained by and be the property of Defendants.

## Awards of Incentive Award and Attorneys' Fees and Costs

11.     Pursuant to the Parties' agreement, the Court approves and awards a $15,000.00 incentive award to Plaintiff for serving as the class representative in this matter.

12.     Pursuant to the Parties' agreement, the Court approves and awards attorney's fees to Class Counsel in the amount of $542,666.67 (33 1/3% of the Settlement Fund), plus reasonable out-of-pocket expenses and costs of notice and claims administration, not to exceed $24,500.00.

13.     This Final Judgment and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any released person to support a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counter-claim.

## Releases and Dismissal

14.     All claims or causes of action of any kind by Plaintiff and all Class members, as defined in paragraph 5 above, are forever barred and released pursuant to the terms of the releases set forth in full in the parties' Settlement Agreement, which is incorporated by reference herein. This release does not apply to actions brought by the government.

15.     This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Class (except that the dismissal is without prejudice as to those persons identified above who submitted valid exclusions from the Class), and without fees or costs except as provided above.

## Other Provisions

16.     The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here.

17.     This Court retains continuing jurisdiction over this action, Plaintiff, all members of the Class, and Defendants to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

18.     The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

19.     The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.


ENTER:


_____

Hon. Patrick J. Schiltz, U.S.D.J.