# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SANDUSKY WELLNESS CENTER, LLC, an Ohio limited liability company, individually and as the representative of a certified class,<br><br>                 Plaintiff,<br><br>      v.<br><br>MEDTOX SCIENTIFIC, INC., MEDTOX LABORATORIES, INC. and JOHN DOES 1-10,<br><br>                 Defendants. | )<br>)<br>)<br>)<br>)<br>)  No.  0:12-CV-02066-PJS-HB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER PRELIMINARILY APPROVING CLASS
## ACTION SETTLEMENT, CLASS NOTICE AND CLAIM FORM

This matter coming before the Court by stipulation of the parties and, after review and consideration of the Settlement Agreement, and the Court being duly advised in the premises, IT IS HEREBY ORDERED:

1. On March 27, 2019, Plaintiff filed an Agreed Motion for Preliminary Approval of Class Action Settlement Agreement and Notice to the Class.

2. The Court has previously certified the following Class pursuant to Federal Rule of Civil procedure 23:  All persons who (1) between February 18, 2012, and February 26, 2012, (2) were sent one or more of the 3,256 transmissions of the telephone facsimile message attached as Exhibit A to the Complaint, which related to lead testing services by or on behalf of MedTox. Excluded from the Class are:  (1) Any parent, subsidiary, affiliate, or controlled person of Defendants, as well as their attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons; (2) the named counsel in this action and any employee of their office or firm; and (3) this Court and its staff.

3. In certifying the class, the Court found: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are common questions of fact or law that predominate over any questions affecting only individual members; (3) the representative party will fairly and adequately protect the interests of the class; and (4) a class action is an appropriate method for the fair and efficient adjudication of the controversy.

4. The Court appointed plaintiff, Sandusky Wellness Center, LLC ("Sandusky"), as the "Class Representative" and appointed attorney Glenn L. Hara of Anderson + Wanca as "Class Counsel."

5. Pursuant to Rule 23, the Court preliminarily approves the settlement of this action, as embodied in the terms of the Settlement Agreement, as fair, reasonable, and in the best interests of all those who will be affected by it.

6. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily approved and adopted as an Order of this Court.

7. The Settlement Agreement proposes notice to the Class in the form of Exhibit 2 to the Settlement Agreement and proposes to send the notice by facsimile and, for any facsimiles that are unsuccessful after three attempts, by U.S. mail to the name and mailing address the Settlement Administrator identified through a reverse lookup process regarding the fax numbers identified in the litigation, after updating those addresses with the U.S.P.S. National Change of Address Database. The Court finds that this notice plan is reasonable and satisfies Rule 23 and the requirements of due process under the United States Constitution. The plan is approved and adopted.

8. The Court sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate these deadlines and dates in the Class Notice, as

appropriate:

    (a)    The Class Notice shall be sent on or before 14 days after the entry of this Order;

    (b)    Any objection to the settlement or motion to intervene in this action, including any supporting brief, must be filed in this Court and postmarked and served on Class Counsel and Defendants' counsel on or before 45 days after the Class Notice, or be forever barred;

    (c)    Claims shall be submitted to the Claims Administrator on or before 60 days after the Class Notice, or be forever barred; and

    (d)    The final approval hearing is hereby scheduled for Monday, June 17, 2019 at 8:30 a.m. in Courtroom 14E (MPLS) before Judge Patrick J. Schiltz.

Dated:   March 29, 2019

                                                   s/Patrick J. Schiltz
                                                   Patrick J. Schiltz
                                                   United States District Judge