# UNITED STATES DISTRICT COURT
## District of Minnesota

| | |
|---|---|
| Sandusky Wellness Center, LLC, | **JUDGMENT IN A CIVIL CASE** |
| Plaintiff, | |
| v. | Case Number: 12-cv-2066 PJS/HB |
| Medtox Scientific, Inc., Medtox Laboratories, Inc., and John Does 1-10, | |
| Defendants. | |

☐ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1.    This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests of all those affected by it. Any timely objections that were filed have been considered and are overruled. Accordingly, this Final Judgment and Order binds all members of the Class who did not opt out.

2.    This Court has jurisdiction over Plaintiff, Sandusky Wellness Center, LLC ("Plaintiff"), the members of the Class, Defendants, Medtox Scientific, Inc. and Medtox Laboratories, Inc. ("Defendants"), and the claims asserted in this lawsuit.

3.    This Court finds that the parties entered into the Settlement Agreement in good faith, following arm's-length negotiations, and that it was not collusive.

### Class Certification

4. On March 29, 2019, pursuant to Federal Rule of Civil Procedure 23, the Court entered an order entitled, "Order Preliminarily Approving Settlement and Certifying Settlement Class" (the "Preliminary Approval Order").

5. The Court previously certified the following class (Doc. 253):

All persons who (1) between February 18, 2012, and February 26, 2012, (2) were sent one or more of the 3,256 transmissions of the telephone facsimile message attached as Exhibit A to the Complaint, which related to lead testing services by or on behalf of MedTox.

In the Settlement Agreement, the parties agreed that this is a proper class definition for purposes of settlement. Excluded from the Settlement Class are (1) Any parent, subsidiary, affiliate, or controlled person of Defendants, as well as their attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons; (2) the named counsel in this action and any employee of their office or firm; and (3) this Court and its staff.

The Court also previously appointed Plaintiff as the Class Representative and appointed attorney Glenn L. Hara of Anderson + Wanca as Class Counsel.

### Class Notice

6. Plaintiff submitted the affidavit of Dorothy Sue Merryman to demonstrate that the "Notice of Class Action and Proposed Settlement" (the "Notice") was sent to the members of the Class as ordered in the Preliminary Approval Order. The Court finds that the Notice and the process by which it was sent fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

**Objections and Opt-Outs**

7. No members of the Class filed objections to the settlement.

8. No persons have requested exclusion from the Class.

**Class Compensation**

9. Defendants have created a settlement fund of up to $1,628,000.00 (the "Settlement Fund") and made it available to pay class member claims, to pay an incentive award to Plaintiff for serving as the Class Representative, and to pay Class Counsel's attorneys' fees and reasonable out-of-pocket expenses as determined by the Court. In no event shall Defendants' monetary obligation in settling and resolving this Action exceed the amount of the Settlement Fund.

10. As the Parties agreed in the Settlement Agreement, each member of the Class who submits a timely and valid Claim Form to the Settlement Administrator will be paid $500.00 per fax or a lesser pro rata amount if the product of the amount of faxes claimed multiplied by $500.00 exceeds the sum of the Settlement Fund minus payments made for attorney's fees and costs, as set forth herein, and the payment made to the Class Representative. The Settlement Administrator will cause those checks to be mailed after receiving the funds from Defendants. As agreed between the parties, checks issued to the class members will be void 91 days after issuance. Any money remaining from checks issued to claiming class members but not cashed within 90 days of issuance shall be paid as a *cy pres* award to charities selected by Plaintiff's counsel and approved by the Court. All unclaimed money in the Settlement Fund shall be retained by and be the property of Defendants.

**Awards of Incentive Award and Attorneys' Fees and Costs**

11. Pursuant to the Parties' agreement, the Court approves and awards a $15,000.00 incentive award to Plaintiff for serving as the class representative in this matter.

12.     Pursuant to the Parties' agreement, the Court approves and awards attorney's fees to Class Counsel in the amount of $542,666.67 (33 1/3% of the Settlement Fund), plus reasonable out-of-pocket expenses and costs of notice and claims administration, not to exceed $24,500.00.

13.     This Final Judgment and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any released person to support a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counter-claim.

## Releases and Dismissal

14.     All claims or causes of action of any kind by Plaintiff and all Class members, as defined in paragraph 5 above, are forever barred and released pursuant to the terms of the releases set forth in full in the parties' Settlement Agreement, which is incorporated by reference herein. This release does not apply to actions brought by the government.

15.     This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Class (except that the dismissal is without prejudice as to those persons identified above who submitted valid exclusions from the Class), and without fees or costs except as provided above.

## Other Provisions

16.     The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here.

17.     This Court retains continuing jurisdiction over this action, Plaintiff, all members of the Class, and Defendants to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

18.     The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

19.     The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

Date: 6/19/2019                                             KATE M. FOGARTY, CLERK

                                                                              s/C. Kreuziger
                                                                    (By)   C. Kreuziger, Deputy Clerk